# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30761
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2014

Lyle W. Cayce
Clerk

TRUDY A. BOVIE-CLARK,

Plaintiff—Appellant

v.

SENTRY SELECT INSURANCE COMPANY; THEODORE SADOWSKI,
doing business as Sadowski Trucking Company; LANCE R. THOMAS,

Defendants—Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-336

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Appellant Trudy A. Bovie-Clark ("Clark") sued Appellees Sentry Select Insurance Company, Theodore Sadowski, and Lance R. Thomas ("Thomas"), alleging that Thomas was at fault for a vehicular collision in which Clark sustained personal injuries. The collision occurred when Clark attempted to make a right turn at the intersection of South Claiborne Avenue and Poydras Street in New Orleans while Thomas, who was operating a commercial tractor-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trailer, was making the same turn.  The jury found that Thomas was not at fault for the accident.  Clark filed motions for a new trial, for judgment as a matter of law, and to alter or amend the judgment.  The district court denied those motions, and we AFFIRM.

We review *de novo* the denial of a motion for judgment as a matter of law, applying the same standard that the district court uses in considering the motion at trial.  *Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 356 (5th Cir. 2000). Under Federal Rule of Civil Procedure 50(a)(1)(A), a district court must deny the motion unless the opposing party "has been fully heard on an issue . . . and a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue[.]"  *See Ellis v. Weasler Eng'g, Inc.*, 258 F.3d 326, 337 (5th Cir. 2001).  We review the denial of a motion for a new trial for abuse of discretion, reversing the district court only if there is "an absolute absence of evidence to support the jury's verdict."  *Duff v. Werner Enters., Inc.*, 489 F.3d 727, 729 (5th Cir. 2007) (internal quotation marks omitted).  Similarly, we review the denial of a Rule 59(e) motion to amend or alter judgment for abuse of discretion.  *Midland W. Corp. v. F.D.I.C.*, 911 F.2d 1141, 1145 (5th Cir. 1990).  "Under this standard, the district court's decision and decision-making process need only be reasonable."  *Id.*

Clark contends that there are two reasons why we should reverse the district court's orders and the jury's verdict should be vacated.  First, Clark asserts that the jury improperly relied on evidence of faded lane dividers on South Claiborne when the district court's jury instructions did not address faded street markings or their legal effect on Thomas's potential negligence. The district court properly instructed the jury, and reiterated in its response to the jury note, that it could consider the testimony of all witnesses, weigh such testimony, and draw reasonable inferences from testimony and exhibits in light of the jury members' common experiences.  Evidence at trial

No. 13-30761

demonstrated that the lanes on South Claiborne near the accident site were faded and not clearly marked.  In reaching its verdict, the jury very well may have considered the condition of the street lane dividers, and it would have been in the jury's province to do so.  "Viewing all of the evidence and drawing all reasonable inferences in the light most favorable to the verdict," there was sufficient evidence to support the jury's verdict, even without consideration of the faded lane markers.  *Vadie v. Miss. State Univ.*, 218 F.3d 365, 372 (5th Cir. 2000).  Therefore, the district court did not err in denying Clark's motions on this ground.

Second, Clark argues that because Thomas maneuvered the turn onto South Claiborne in a manner that violated La. Rev. Stat. §§ 32:101(a)(1) and 32:104(a) he shares at least some of the fault for the accident, and the jury's verdict to the contrary is neither supported by the evidence nor consistent with the law and facts presented at trial.  This argument is based on Clark's presumption that Thomas did in fact violate Sections 32:101 and 32:104.[1]  Whether Thomas violated these statutes was a question for the jury to decide, and the evidence presented at trial could have supported either party's version of events.  This issue ultimately turned on the witnesses' credibility, and as noted by the district court, the jury clearly found Thomas's version of events more credible.  Because mere dissatisfaction with the jury's weighing of evidence or determination of witness credibility is not a valid ground on which to grant judgment as a matter of law, a new trial, or alteration of the judgment, the district court did not err or abuse its discretion in denying Clark's motions.

For the reasons stated here and by the district court, the judgment of the district court is AFFIRMED.

---

[1] Under Louisiana law, a driver turning right at an intersection must do so as "close as practicable to the right-hand curb" and with "reasonable safety."  La. Rev. Stat. Ann. §§ 32:101(A)(1), 32:104(A).